PROSEUS
vs.
MASON ET AL.

## PROSEUS vs. MASON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

No recovery can be had against the garnishee, until judgment is rendered against the principal debtor.

A garnishee is required to answer interrogatories within the legal delay, or his neglect shall be considered as a confession of having funds of the defendant's in his hands; but he is not prohibited from answering after the delay allowed; provided, no steps have been taken in the meantime to fix his responsibility.

As a general rule, where an act is to be done within a given time, as the filing of an answer and the like, it may be done afterwards, if nothing has occurred to prevent it.

So, a garnishee may answer interrogatories without their being taken for confessed, *after the legal delay*, and at any time before the cause is set for trial, or perhaps at the trial.

This case commenced by attachment. The plaintiff claims a debt of seven hundred and thirty dollars and seventy-five cents, as due, and owing to him by one Noah Mason, who, he alleges, has absconded. He prays for an attachment and judgment, and that William Mack be summoned as a garnishee, to answer interrogatories touching funds and effects of the defendant, in his hands.

The suit was instituted the 30th of November, 1836, and on the 17th of December an attorney was appointed to represent the defendant in attachment. On the same day, the counsel for the plaintiff obtained an order *ex parte*, on showing to the court, that William Mack, the garnishee, had been duly cited, and failed to answer within the legal delay, that the interrogatories propounded to him be taken *for confessed*. Mack came into court and filed his answer on the 23d, and the cause was not put at issue until the 31st of December. Final judgment was signed against the defendant the 17th of January, 1837. After this proceeding, the plaintiff's

counsel moved to have final judgment entered up against Mack, the garnishee, on the order taking the interrogatories *pro confessis*, for the full amount of his demand against the defendant. The motion was overruled; and on his answer showing no funds in his hands subject to the plaintiff's judgment, Mack was discharged. The plaintiff appealed.

*Roselius*, for the appellant.

*Barton*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellant seeks the reversal of a judgment, by which the court permitted a garnishee to answer interrogatories after ten days had elapsed from the service of process, and after the court had, on motion of the plaintiff, declared that the matters set forth in the interrogatories must be taken *pro confessis*, but before any trial had been had against the defendant in attachment.

If the order which was entered on the 17th of December, and which has been improperly called a judgment by default, against the garnishee, had been rendered upon a rule to show cause, or other notice, to the garnishee, it might have varied the case. But that order was *ex parte*, and entered at the suggestion of the plaintiff's counsel, unconnected with any proceedings against the principal defendant. It is true, the article 263 of the Code of Practice, provides, that if the garnishee does not answer the interrogatories in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands sufficient property of the defendant to satisfy the plaintiff's demand.

But it is clear, the plaintiff cannot recover against the garnishee without obtaining judgment against the defendant, his debtor. The article above referred to, does not prohibit the garnishee's answering, even after the delay; provided, no steps have been taken in the meantime to fix his responsibility. In the case of Griffith et al. *vs.* Miner, we held, as a general rule, that when an act is to be done within a given

*Margin note:* No recovery can be had against the garnishee until judgment is rendered against the principal debtor.

A garnishee is required to answer interrogatories within the legal delay, or his neglect shall be considered as a confession of having funds of the defendants in his hands; but he is not prohibited from answering after the delay allowed, provided no steps have been taken in the mean time to fix his responsibility.

EASTERN DIST.
February, 1838.

PROSEUS
vs.
MASON ET AL.

time, as the filing of an answer and the like, it may be done afterwards, if nothing has occurred to prevent it. Thus, before judgment by default, an answer may be put in, although more than ten days or the legal delay may have elapsed from the service of citation. 7 *Louisiana Reports,* 345.

In the case of Longbottom's Executor *vs.* Babcock, we held, the same principle applies in relation to opposition in executor's account and tableau. 9 *Louisiana Reports,* 48. *Chiasson's Heirs* vs. *Dupuy,* 9 *Louisiana Reports,* 58.

As a general rule, where an act is to be done within a given time, as the filing of an answer and the like, it may be done afterwards, if nothing has occurred to prevent it.

At the time the proceedings took place against the garnishee, the case was not at issue between the plaintiff and defendant. No answer appears to have been filed by the latter until the last day of December, a week after the answer of the garnishee to the interrogatories was offered.

So, a garnishee may answer interrogatories without their being taken for confessed, *after the legal delay,* and at any time before the cause is set for trial, or, perhaps, at the trial.

The construction of the code, contended for by the appellant, would put a garnishee, situated as Mack was in this case, in a harder condition than a principal defendant, against whom a judgment by default has been *taken for want* of an appearance. The latter would be allowed to answer at any time before trial of the case upon the judgment by default. The former would have no such privilege ; and however he might show that he had been taken by surprise, and however nugatory the proceeding against him before judgment obtained against the principal defendant, yet he would be without remedy, and the plaintiff would not be bound to administer any proof.

We are, therefore, of opinion, that the court did not err in receiving the answer of the garnishee to the interrogatories, and in rendering judgment in his favor, notwithstanding his failure to answer within the legal delay, even admitting that the sheriff's return is conclusive.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.