On Rehearing.
BREAUX, O. J.
[2] The bankruptcy act is not destructive, of rights already existing at the time that the writ of attachment issues. It gives effect to all liens, except those growing out of the attachment itself. We will not discuss any proposition save that the writ of garnishment does not hold the property; nor does it issue to compel the delivery of a specific thing. Hanna v. Loring, 11 Mart. (O. S.) 276.
We have carefully considered the authorities cited of a date comparatively recent and those of a remote date. We have not found that they would justify us in insisting upon the jurisdiction of the state courts.
As relates to federal decisions cited, they are not pertinent to the issues here.
In the last decision in date, confidently cited by learned counsel, Henderson v. Mayer, 225 U. S. 639, 32 Sup. Ct. 699, 56 L. Ed. 1233, the plaintiff had obtained a distress warrant for rent, which is the common-law expression in matter of proceeding for rent. There was a direct seizure of the, property, and in that way it was brought within the jurisdiction of the state court.
We have not found any decision under which it is possible to maintain the garnishment in this case. There is only one exception, to wit, Gumbel & Co. v. Beer, 36 La. Ann. 494, if it be an exception, as it was- not decided by a unanimous court; moreover, it does not involve a construction of the bankruptcy law. The ease is not absolutely similar nor pertinent.
We will state, by way of illustration, that in case of a provisional seizure the property is seized and brought within the jurisdiction of the court; also in case of a foreclosure of a mortgage. It is different in garnishment proceedings, in that the property remains in the possession of the garnishee, and may never be delivered to the court. Furthermore, there can be no judgment be *238 fore a judgment has been obtained against the defendant. There will never be a judgment rendered in the state court against defendant whose property has been surrendered. Collins & Leake v. Friend, 21 La. Ann. 7; Proseus v. Mass, 12 La. 16; Caldwell v. Townsend, 5 Mart. (N. S.) 307.
The question is. exclusively one of jurisdiction. Whatever rights plaintiff has will have to be asserted in other proceedings. In other words, the rights of parties have been transferred, and will have to be asserted in the United States- courts. The state court has never had possession of the property, and that is indispensable to its jurisdiction under the bankruptcy law.
It would be different if the property had been taken possession of under the writ of sequestration.
It is therefore ordered, adjudged, and decreed that the judgment heretofore rendered by this court is reinstated and made the judgment of this court, and plaintiff’s demand on rehearing is rejected, at its costs.
PRO YO STY, J., dissents.